Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to the 11th Circuit. We are going to proceed in the same way we would as if we were in person and so we will stick to the time limits unless of course any of us have questions and we want you to answer them. Then please go ahead and answer the question even if it's after the time limit. The time will be noted to you about two minutes before your time ends. We ask again that you please try to stick to the time limit. We will start today with United States of America v. Devonte Tucker and Ms. Darby, you may begin when ready. Thank you, Your Honor. Good morning. I am Alex Darby representing Mr. Devonte Tucker, the appellant in this case. May it please the court. The district court imposed a procedurally and substantively unreasonable sentence when it failed to acknowledge and address Mr. Tucker's mitigation argument that his history of mental health issues and difficult childhood warranted a within-guidelines sentence. Without so much as referencing these arguments, the district court varied upward to 120 months, the statutory maximum sentence and four times the high end of Mr. Tucker's guidelines range. The court failed to adequately explain its chosen sentence because it failed to address Mr. Tucker's main mitigation argument raised in his sentencing memorandum and in a report prepared by a licensed social worker, rendering his sentence procedurally unreasonable. Moreover, the court's failure to provide any weight to a relevant factor, Mr. Tucker's mitigating personal characteristics, rendered his sentence substantively unreasonable. Counsel, this is Judge Legault. May I ask you a question? Yes, Your Honor. With regards to Chief Judge Kugler not referencing certain mitigation that was raised in the sentencing in the mitigation report that was filed by defense counsel, can you address how we should deal with the fact that defense counsel, when the district court asked if there's anything you'd want to tell me in mitigation or otherwise before I pronounce a sentence, Tucker's attorney only focused, mentioned specifically the sentencing memorandum, but spoke to and only focused on three lines of inquiry, which was his lack of criminal history, the video evidence, and the fact that the sentencing commission had already taken into account the fact that the vehicle chase was an enhancement. Can you address that for us? Yes, Your Honor. Yes, so counsel certainly referred back to the sentencing memorandum when asked about if there was anything that he would like to say in mitigation. He certainly referred back to that, and these arguments were set forth in detail in that sentencing memorandum. And additionally, in the report prepared by the social worker in mitigation of this case. So even absent, you know, discussing it more fully at sentencing, counsel in this case put the court on notice of this argument through the sentencing memorandum. Well, is it your position that the trial court has to articulate each and every single reason for why it's sentencing, the factors that it has to consider? Your Honor, it doesn't have to go through every, it doesn't have to go through in detail every 3553A factor. And certainly we recognize that the detail that a court is going to put into a sentencing explanation is going to vary significantly by case. However, where there is a non-frivolous mitigation argument that has been raised, the court should address it. The Supreme Court in Rita outlined the procedural steps that a district court needs to take. And in noting the duty to adequately explain a sentence, the court focused on the fact that a district court must set forth enough to satisfy the appellate court that it has considered the party's arguments and has a reasoned basis for imposing this sentence. And here, in failing to acknowledge on the record or discuss Mr. Tucker's mitigation argument, the court failed to meet that standard. Counsel, this is Robin Rosenbaum, and I have two questions related to that. The first one, for me, I'm going to tell you, I think the procedural reasonableness argument here turns on what the standard of review is, whether it's plain error or de novo. And with respect to plain error, it seems to me like it could be plain error because even though he mentions that he filed a memo, he never says specifically the mitigation argument that he relies on on appeal. And we have said that counsel must articulate their objections with specificity. And I'm not sure that was done here. So my first question is if you would please explain how we get past the plain error standard of review. And second, assuming that we can't get past the plain error standard of review, why do you think that even under plain error this needs to be reversed? Yes, Your Honor. So as to the first prong of that, we would note that in this case, again, by filing the sentencing memorandum, Mr. Tucker put the court on notice that this was an argument that it needed to address. And again, while in not so many words, the counsel did refer back to that sentencing memorandum at the sentencing hearing. Counsel, just to follow up with Judge Rosenbaum's question, at the end when he says, do you have any objections, he doesn't reference, defense counsel does not reference or object to the fact that the trial court did not articulate or discuss the mitigation, the non-frivolous arguments regarding mitigation. So going back to Judge Rosenbaum's question, how is that not plain error? Yes, Your Honor. And the Fourth Circuit has addressed this issue. And we would argue that they take the correct approach. And that is that by alerting the court to a non-frivolous mitigation argument, the court is put on notice of an action that it needs to take. That is consistent with the federal rule. I'm sorry to interrupt, counsel, but the problem for us, as you know, is that if we have to review this under plain error, then that means there must be a case that's directly on point from the Supreme Court or from this circuit that shows that what happened here violated the procedure. And that's what I think we're missing. I understand your position about the Fourth Circuit, and they may have the better way of doing this, but we can't rely on a Fourth Circuit case to find plain error here. Do you understand what I'm saying? I do, Your Honor. And I did just want to clarify one thing. The Fourth Circuit case that I'm referring to is how they handle the preservation of this error. And that is that lodging, excuse me, arguing for a certain sentence based on a specific mitigation argument is sufficient to preserve that error. As to if this court is proceeding under plain error, we would point back to Rita v. United States and that in that case it determined that, excuse me, the Supreme Court clarified that a sentencing court must put on the record a sufficient explanation to show that it's considered the party's argument. And where there is a significant argument that is lodged in a sentencing memorandum and the court passes over that in complete silence. Two minutes remaining. Thank you. Passes over that in complete silence, it simply cannot meet that standard. And that's what happened here. So here's the concern I have with that. I agree that it definitely would have been better if the district court had addressed this, but I'm not sure that Rita gets you there because it says normally will address arguments in mitigation. And there is no question that the district court explained why it was imposing the sentence it was imposing. The problem here is they did not specifically mention the mitigation arguments that you've discussed. But I'm not sure that Rita gets you there because of the normally language. Did you want to address that? Yes, Your Honor. And I think it's clear from Rita and from this court's cases that what is going to be enough of an explanation is going to vary significantly on a case-by-case basis. However, when you have that, when you have a non-frivolous argument that is presented, a court must go further and address that. And here it was the entirety of Mr. Tucker's sentencing memorandum was focusing on this argument. And the complete absence of the district court addressing it is the key issue here. And I think under Rita that is plain because it's difficult for an appellate court to say that a court has considered the party's arguments when it hasn't even referenced the key argument in mitigation. Counsel, this is Judge Anderson with a question. I'm not sure we would think that the district court did not consider the mitigation evidence because the district court expressly adopted the PSI, all of the fact findings in the PSI. And the PSI reiterates the overwhelming majority and certainly the gist of the mitigating evidence. So why would we not assume that the district court did in fact consider the mitigating evidence? Your Honor, my time has expired. If I can have a moment to answer your question. I think the presiding judge would like you to answer it. Yes, please. Thank you, Judge Rosenbaum. Some of the mental health issues were certainly noted in the PSR and that is something that the district court did adopt. However, in noting the mitigation elements of this case, Mr. Tucker was arguing for a specific sentence and that was a within guidelines sentence. And to the extent, and that argument went unaddressed by the district court. And I would reserve the rest of my time for rebuttal. Thank you. Thank you. Counsel, you'll have five minutes of rebuttal time and we'll hear from Ms. Atwood. Good morning and may it please the court, Melissa Atwood for the United States. The sentence in this case was reasonable both in procedure and in substance. The court has in its questions to Mr. Tucker's counsel outlined many of the points that the United States was going to make this morning. So I will pick up if it's okay with the court with the last point that Judge Anderson raised and then move on to any questions that the court has. And I have a few other points I can fill in with. The district court in this case did in fact adopt the PSR and the PS initially at the very beginning of the hearing. Counsel, I'm sorry to interrupt. This is Robin Rosenbaum. Let me tell you the one concern that I have. It is true that the district court adopted the PSR. And so, you know, we would presume that the district court then considered everything that was within it. But one of the unusual things I think about this is that in other cases when there's this type of mitigation evidence and it's not clear whether the district, well, the district court doesn't expressly discuss it on the record. Courts have found that the district court considered it because, for example, they'll look to the sentence and they'll see that the sentence includes mental health treatment or drug treatment or something to that effect. And here, there's nothing like that in the prison sentence. There is in the supervised release sentence, but there's nothing like that in the prison sentence. And I wonder if you might address that. Yes, Your Honor. I was, in fact, going to point to the supervised release portion of this sentence and say that the district court, that the special conditions of supervised release revolve almost exclusively around the mitigation factors that were raised in the sentencing memorandum. But to Your Honor's point about it not being a part of the sentence in the custodial portion, typically defense counsel will ask for those types of special recommendations. And that was not done in this case. There was flatly no mention during the hearing other than the reference to the existence of a sentencing memorandum to Mr. Tucker's background, his mental health history, his personal history. So the court, and as this court is aware, the district court cannot direct BOP in where to house or what treatments to provide. But it's frequently been done, and I did it myself when I was in district court, where you recommend that a defendant receive mental health treatment or be involved in the drug program or whatever. And here, the supervised release doesn't occur until after the tenure sentence is complete. So that just struck me as a little unusual. So I just don't know if you want to address specifically why it's not in the custodial part of the sentence. Your Honor, the record does not reflect why it's not in the custodial portion of the sentence. The district courts in this particular district usually do allow the opportunity for defense counsel to raise those requests and then will put those in if they are requested. And, Your Honor, I think it's really symptomatic of, while it would have probably been better for that to have been a recommendation of the custodial sentence, I believe it's symptomatic of the overall unusual, what's unusual about this case, which is the defense is arguing on appeal something that, while it was in fact in a two-page sentencing memorandum supported by a two-and-a-half-page mitigation report that was submitted ahead of time, there's no doubt about that. Counsel at sentencing and Mr. Tucker, because he was given the opportunity to allocute and he did make a couple of statements, never said anything about, you know, Your Honor, I wasn't on my medication, or Your Honor, please consider. As a matter of fact, the reference back to the sentencing memorandum made by defense counsel is very interesting. What's interesting about it is the sentencing memorandum did not request a within-guidelines sentence. The sentencing memorandum very specifically requested the low-end of the guidelines based on the mitigating factors. At the hearing, defense counsel referenced the sentencing memorandum and then asked for a within-guidelines sentence. And why that small, nuanced shift is interesting is because that's the only reference made to the sentencing memo, and it's not even precisely what was asked for in the memo. Your Honor. This is Judge Legault. I'm sorry. Is it my understanding in this district, obviously, the lawyer could have asked at the end if there was anything further when the district court judge made the district court sentence, the defendant, and after he asked if there was anything further, the defense counsel could have said, you know, Yes, Your Honor. I apologize, Your Honor. No, that's okay. That's allowed in that district? Yes, Your Honor, and as a matter of fact, in the sentencing transcript near the end, the district court asked after having the defendant sign the special conditions of supervised release, which this particular judge does in pretty much every case, after having that done at the very end of the sentencing hearing, the district court asked whether or not counsel wanted the defendant, a recommendation that the defendant be housed as close to Tuscaloosa, which was his hometown, as possible, and the court said that it would make that request and then turned to whether or not there were any findings of fact, any objection to the findings of fact, the calculation of sentence, or the manner in which sentence was pronounced or imposed. And at that point, the only objection defense counsel made was to the length of the sentence, and that would have been the appropriate time, even if the district court were, should have, or would have had a better practice, so to speak, if it had addressed the specific arguments in the mitigation report during the bulk of the announcement of its sentencing, which took about five or six pages in this case. When the district court did not do so, and did what appellant contends was an inadequate job of addressing the arguments or explaining, when the district court specifically asked, are there objections to the findings of fact, the calculations of sentence, or the manner in which sentence was pronounced or imposed, that would have been the time for counsel to have said, Your Honor, we feel that our mitigation argument has been completely overlooked. And nothing to that effect was said. Nor was any recommendation for the RDAP program requested, nor was any mental health treatment while in custody requested. None of that. Your Honors, at the risk of sounding, I don't want to sound flippant, but the district court gave as much discussion at the sentencing hearing to the mitigation factors as defense counsel did. The court then moved on to impose a substantively reasonable sentence. The court has not asked any questions regarding that point, although we would be happy to address them if the court has no questions on that point. We can rest on our brief on that issue. All right. Thank you, counsel. Thank you. And we'll hear back from Ms. Darby. Thank you, Your Honor. Just kind of following up a bit on Judge Anderson's question and the government's response, the government is insistent that the fact that the court adopted the PSR is sufficient to show that the district court considered Mr. Tucker's arguments therein, or at least didn't ignore it. But nothing about Mr. Tucker's arguments or his mental health was something that was addressed in the district court's analysis of the 3553A factors. It wasn't referenced. And this is not a case of, you know, the district court did not provide any reason for that rejection of this argument for this court to review. And that's an inadequate explanation because it does not set forth enough to show that the court has considered the party's arguments and has a reasoned basis for exercising its judgment. And recognizing that there was quite a bit said here, none of it specifically addressed this argument that Mr. Tucker had raised. And, Your Honor, where... This is Judge Anderson talking. Two questions I'd like to ask. First is, doesn't the fact that the district court did take into account the mental health problems in the supervisor's release, true, he didn't in the custodial part, but the issue is whether or not these mental health matters were on the district court's mind at the time he was sentencing, which what he said with respect to supervisor release reveals that it was. How do you respond to that? Certainly, Your Honor. The conditions of supervisor release in this case don't indicate that the district court adequately considered Mr. Tucker's mental health. And his argument that his mental health and his specific personal characteristics warranted a sentence that was within the guidelines range. And it's not simply the fact that the district court ignored a 3553A factor or anything such as that. It's that it ignored the particular argument that Mr. Tucker's counsel presented. And it passed over that argument in complete silence. You know, whether there was a mental health issue... Two minutes remaining. Thank you. Whether there was a mental health condition in the supervisor release still does not make it clear that in fashioning this custodial sentence that the district court considered Mr. Tucker's mitigating personal characteristics. And that's important for a couple of reasons. One, for appellate review to provide this court with the opportunity to assess the reasonableness of a sentence and to meaningfully assess that. And two, to provide the public with some explanation of the district court's reasoning. And I'm sorry, Your Honor. I did just want to note that I believe the practice in this district is that probation drafts the supervised release condition. So no, that doesn't indicate that it was clearly on the district court's mind. But kind of to go back to the point of public perception, in this case you have a statutory maximum sentence. This is the highest sentence that this court was legally allowed to impose. And certainly it noted the facts of this case. But when you have a sentence that is this high, that is the highest sentence that a court can impose, I think it's relevant to the public perception of fair sentencing that they understand why Mr. Tucker's mitigating arguments warranted no consideration or were completely rejected. And that's simply not clear from this record. And it's problematic additionally because the mitigation raised in Mr. Tucker's memorandum speaks to a lot of the concerns that the district court had. So, for example, to protect the public, to prevent recidivism. Mr. Tucker's mental health and substance abuse issues provided a non-incarcerative way for the district court to go about this. So rather than imposing such a punitive 120-month sentence, the court could have imposed a lesser sentence than that and simply required treatment of these issues. And that would have rendered the sentence... Counsel, this is Judge Lagoa. I guess my concern with that argument is that if defense counsel really felt that that was a particular issue, that the reason that Mr. Tucker committed the actions that he did on the day in question were as a result of his mental issues or mental illness, that that was something that the defense counsel should have addressed and raised at the hearing when he had the opportunity, but he didn't do that. And so my concern is that then it doesn't give... If we wrote this opinion the way you would like us to write it, how is it fair or how does it comport with our other case law that says that we have to have a contemporaneous objection for a trial court to be able to be made aware of what a particular issue is or that they're going to commit error? How do we deal with that? Yes, Your Honor. And Judge Rosenbaum, I believe my time is up. If I could be permitted a minute to answer the question. Of course. Thank you. Certainly, Your Honor. And one thing that we would note is that you referred to a contemporaneous objection. Rule 51A specifically says that a party is not required to take an exception to a district court's ruling. Under 51B, it is enough to alert the court to the action that you would like for it to take. And so we would argue that where Mr. Tucker filed the sentencing memorandum and after... But what if a sentencing memorandum is 100 pages long? How is that... How can we as an appellate court hold a district court accountable for not considering something that's in a 100-page memo or not articulating, you know, each and every single factor in a, let's say, 100-page sentencing memorandum filed by a defense attorney? Yes, Your Honor. And I think the response to that is this is going to vary significantly based on the facts of the case. Certain sentences are going to be, you know, within the realm of... within the realm of a typical sentence and not much explanation will be needed. But here, the entirety of Mr. Tucker's sentencing memorandum was based on this one argument that his mitigating personal characteristics, his background, warranted a within-guidelines sentence. And where you have a key argument, this is the key focus of that, where you have a key argument in mitigation that is non-frivolous... Of course, we're not saying that the court has to address every frivolous argument that is raised in a sentencing memorandum, but where it is non-frivolous and it goes to the heart of the case, the court should, on the record, address that. And in this case, the court didn't even acknowledge it. And for that reason, if there are no further questions, we would just ask that the Mr. Tucker sentence be vacated and remanded. Thank you, counsel. Thank you.